IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Sandra M. Holliday,           ) | |
| ) | |
| Plaintiff,   ) | |
| ) | Civil Action No. 6:24-cv-05122-BHH |
| v.           ) | |
| ) | **<u>Order</u>** |
| Pratt Industries, Inc.,           ) | |
| ) | |
| Defendant.   ) | |
| _____   ) | |

This matter is before the Court upon *pro se* and *in forma pauperis* Plaintiff Sandra M. Holliday's ("Plaintiff") third amended complaint against Defendant Pratt Industries, Inc. ("Defendant"). (ECF No. 104.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On May 15, 2025, Magistrate Judge Kevin F. McDonald reviewed Plaintiff's third amended complaint and issued a report and recommendation ("Report"), outlining the issues and recommending that the Court allow two claims pursuant to Tile VII to proceed: (1) a failure to promote claim with regard to the Shipping Manager position for which Plaintiff was not hired in April 2023 and (2) a retaliation claim with respect to Plaintiff's February 2024 complaint of gender and race discrimination and her subsequent termination. (ECF No. 112.) However, the Magistrate Judge recommends that the Court summarily dismiss Plaintiff's remaining claims for failure to state a claim upon which relief may be granted. (*Id*.)

Plaintiff filed objections to the Report, and Defendant filed a response to Plaintiff's objections. (ECF Nos. 115, 118.)

## STANDARD OF REVIEW

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Report sets forth the relevant facts, allegations, and standard of review, and no party objects to these portions of the Report. Accordingly, the Court incorporates these portions of the Report without recitation.

In her objections, Plaintiff begins with a "general" objection to the Report's recommendation that Plaintiff's other retaliation claims be dismissed. (ECF No. 115 at 2.) Plaintiff then objects to the Report's "limitation" of her retaliation claim based on her

February 2024 complaint, claiming that the Report improperly "narrowly construe[d]" her retaliation claims. (*Id.* at 2-3.) Plaintiff also objects to the Report's finding that her § 1981 retaliation claim is subject to dismissal due to her failure to allege that but-for her race, Defendant would not have terminated her or retaliated against her. (*Id.* at 3.) In sum, Plaintiff contends that her other retaliation claims should be allowed to proceed.

While Plaintiff's objections are far from specific, after *de novo* review, the Court finds Plaintiff's first three objections unavailing, and the Court finds no legal or factual error in the Magistrate Judge's analysis of Plaintiff's retaliation claims. A review of the Report reveals that the Magistrate Judge thoroughly reviewed all of Plaintiff's retaliation allegations and properly applied the law in concluding that Plaintiff's third amended complaint fails to allege that race was a but-for cause of the retaliation to support a § 1981 retaliation claim and that "there is only one incident of engagement in protected activity under which plaintiff may pursue her Title VII retaliation claim – when she complained to human resources [in February 2024] that she would be filing an EEOC complaint about workplace harassment and was terminated two weeks later." (ECF No. 112 at 15.) Thus, the Court finds that the Magistrate Judge correctly determined that Plaintiff's retaliation claim with respect to her February 2024 complaint of gender and race discrimination and her subsequent termination is sufficient to survive screening review; the Court also finds that Plaintiff's remaining retaliation claims are subject to dismissal for failure to state a claim for the reasons outlined by the Magistrate Judge.

Plaintiff's fourth "objection" is not in fact an objection but rather a request for clarification regarding the scope of her failure to promote claim that may proceed. The Court notes that the Report was crystal clear in this regard. As stated in the Report:

3

> Here, the plaintiff alleges three specific failure to promote claims: (1) that when she applied for the Shipping Manager position in April 2023, a less-qualified Caucasian male employee (Mr. Stafford) was hired for the position (id.); (2) that in 2019 Mr. Lollis (a Caucasian male) employee was promoted to Shipping Manager over an existing supervisor named Buddy (id.); and (3) that after her termination, the plaintiff was replaced by a Caucasian male (id.). Here, only the first of the three claims is sufficient to survive screening, and the plaintiff's failure to promote claim based on her application for the Shipping Manager position in 2023 will be recommended for service. The remaining claims noted above, do not involve the plaintiff being denied a promotion based on her race or gender; thus, they cannot form the basis of additional failure to promote causes of action.

(ECF No. 112 at 13.)

Plaintiff fifth objection is that the Magistrate Judge's analysis of her hostile work environment claim "assessed each alleged incident in isolation, rather than evaluating the totality of the circumstances." (ECF No. 115 at 4.) The Court disagrees.

After *de novo* review, the Court finds that the Report examined all of Plaintiff's alleged "severe" and "pervasive" incidents before properly concluding that Plaintiff's allegations – taken as a whole – "fall far short of the high bar needed to allege severe and pervasive harassment for purposes of a hostile work environment claim." (ECF No. 112 at 10 (concluding further that Plaintiff allegations "are no more than a 'laundry-list of her workplace grievances'" (citing *Green v. Sessions*, C/A No. 1:17-cv-01365, 2018 WL 2025299, at *11 (E.D. Va. May 1, 2018), *aff'd sub. nom, Green v. Whitaker*, 744 F. App'x 802 (4th Cir. 2018))).)

In her sixth objection, Plaintiff argues that the Magistrate Judge erred in finding "insufficient comparator evidence" with regard to her Title VII unequal terms and conditions of employment claim based on race and gender. (ECF No. 115 at 4.) The Court disagrees.

4

After *de novo* review, the Court finds that the Magistrate Judge relied on current Fourth Circuit law on comparator evidence in a Title VII case and correctly determined that Plaintiff's alleged comparators "are not proper comparators" because they are not "similarly situated in *all* respects" to Plaintiff. (ECF No. 112 at 11-12 (citing *Cosby v. S.C. Prob., Parole & Pardon Servs.*, 93 F. 4th 707, 714 (4th Cir. 2024) (emphasis in original).) Contrary to Plaintiff's assertion that she has pleaded enough at this stage for this claim to proceed, the Court agrees with the Magistrate Judge that Plaintiff's comparator allegations "do not give rise to a reasonable inference that she was treated differently than coworkers based on her gender or race as required to state a clam." (ECF No. 112 at 11.)

Lastly, Plaintiff objects to the dismissal of her § 1981 racial discrimination claim. Like her § 1981 retaliation claim, addressed above, Plaintiff argues that she "has provided sufficient factual matter to support an inference that race was a motivating – and potentially but-for – cause of her adverse treatment" and that "dismissal is premature without the benefit of discovery." (ECF No. 115 at 5.) Here again, Plaintiff's objection is without merit.

As held above, the Court agrees with the Magistrate Judge that Plaintiff "has failed to allege that but-for her race, the defendant would not have terminated her." (ECF No. 112 at 7.) Moreover, Plaintiff is not entitled to discovery on her § 1981 claim to cure her pleading deficiencies. Rather, Plaintiff must initially plead that but for her race, she would not have been terminated. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 34, (2020). Ultimately, as the Magistrate Judge properly concluded, Plaintiff has failed to do so.

## **CONCLUSION**

Based on the foregoing, the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 112), and the Court **overrules** Plaintiff's objections (ECF No. 115). Accordingly, Plaintiff's Title VII claims for (1) failure to promote with regard to the Shipping Manager position for which Plaintiff was not hired in April 2023 and (2) retaliation with respect to Plaintiff's February 2024 complaint of gender and race discrimination and her subsequent termination may proceed, but the Court dismisses the remainder of Plaintiff's claims in her third amended complaint with prejudice, without further leave to amend, and without issuance of service of process for all the reasons set forth by the Magistrate Judge in the Report.

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

June 9, 2025
Charleston, South Carolina