IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Sandra M. Holliday, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:24-cv-05122-BHH |
| v. | ) | |
| | ) | **Order** |
| Pratt Industries, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On April 25, 2025, *pro se* and *in forma pauperis* Plaintiff Sandra M. Holliday ("Plaintiff") filed a third amended complaint ("complaint") against Defendant Pratt Industries, Inc. ("Defendant"). (ECF No. 104.) After initial review of the complaint, Magistrate Judge Kevin F. McDonald issued an order authorizing service of Plaintiff's Title VII claims for (1) failure to promote with regard to the shipping manager position for which Plaintiff was not hired in April 2023 and (2) retaliation with respect to her February 2024 complaint of gender and race discrimination and her subsequent termination. A report and recommendation ("Report") was also issued recommending that Plaintiff's remaining claims be dismissed (ECF No. 110, 112.) On June 9, 2025, the undersigned adopted the Report, leaving only Plaintiff's Title VII failure to promote and retaliation claims pending in this action. (ECF No 134.)

In her complaint, Plaintiff, who is an African-American woman, contends that she was employed by Defendant as a shipping leadman from October 2018 to February 2024. (ECF No. 104 at 5.) She alleges that she was denied promotions and compensation opportunities in favor of Caucasian male employees, including for the shipping manager

position in April 2023. (*Id*. at 5, 32.) Plaintiff also states that on February 14, 2024, she informed the human resources manager that she was going to file a charge with the Equal Employment Opportunity Commission ("EEOC") regarding discrimination she experienced while working for the defendant. (*Id*. at 5, 10, 15, 31.) Plaintiff alleges that she received a final written warning for her first disciplinary action that same day (*Id.* at 10, 15, 26.) Plaintiff contends that she was retaliated against because she was terminated on February 27, 2024, and referred to as a distraction. (*Id*. at 5, 10-11, 15-16, 20-21, 26-27, 30-31.) Plaintiff filed a charge with the EEOC on May 20, 2024, and she received her right to sue letter on June 27, 2024. (*Id*. at 5.)

On January 2, 2026, Defendant filed a motion for summary judgment. (ECF No. 191.) Plaintiff filed a response in opposition on February 5, 2026, and Defendant filed a reply on February 12, 2026. (ECF No. 194, 195.)

On June 5, 2026, the Magistrate Judge issued a Report, outlining the facts and recommending that the Court grant Defendant's motion for summary judgment as to Plaintiff's Title VII claims. (ECF No. 198.) Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. (ECF No. 198 at 16.) To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole

2

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 198), and the Court grants Defendant's motion for summary judgment. (ECF No. 191.) Further, the Court finds Plaintiff's non-dispositive motion regarding court-ordered mediation moot. (ECF No. 182.)**

**IT IS SO ORDERED.**

 /s/ Bruce Howe Hendricks
United States District Judge

July 2, 2026
Charleston, South Carolina

3